# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JARED P KIRSTEIN**<br><br>*Plaintiff*<br><br><br>Vs,<br><br><br>**JOEL NIESEN MELNICOFF A/K/A**<br>**JOEL N. MELNICOFF**<br>*Defendant* | ***COMPLAINT***<br>5:19-cv-1012 (LEK/ATB)<br><br>*Plaintiff asks for a trial by jury* |

New York State          }
Onondaga County      } ss:

Jared P Kirstein, the Plaintiff in this action, complains of the defendant by alleging and showing that:

## NATURE OF ACTION

1.  This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*.

2.  By way of introduction and context, the Fair Debt Collection Practices Act generally prohibits debt collectors from engaging in abusive,

deceptive, or unfair debt-collection practices. *15 U.S.C.§§ 1692 et seq.* Among other things, the FDCPA bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt, *id. §§ 1692e, 1692f.* Also among the abusive practices that Congress intended the FDCPA to address was the "problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear," hence permitting the debt collector to obtain a default judgment. S. Rep. No. 95-382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. As a result, Congress adopted venue provisions to ensure that "[a] debt collector who files suit [does] so either where the consumer resides or where the underlying contract was signed." *Id.*

3.   The statute also bars, inter alia, "the false representation of. . . the character. . . or legal status of any debt" *15 USC §1692e(2),* as well as taking or threatening to "take any action that cannot legally be taken) *15 USC § 1692e(5),* and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt [.]" *15 USC §1692e(10).*

## JURISDICTION AND VENUE

4.   This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201

and 2202. The Court has supplemental jurisdiction over any state claims per 28 USC § 1367.

5.      Venue is proper in this district per 28 USC §1391 (b), as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendants conduct business in this district and the injury occurred in this district.

## PARTIES

6.      At all relevant times:

   a.  Plaintiff **Jared P Kirstein ( "Kirstein")** is an individual, a natural person, who resides in the City of Oneida, Madison County, New York State, within this district,

   b.  Plaintiff is a" consumer" as that term is defined in the FDCPA.

7.      Upon information and belief, at all relevant times, defendant **Joel Niesen Melnicoff a/k/a Joel N. Melnicoff ("Melnicoff"):**

   a.  Is an attorney at law licensed to practice law in the State of New York with a place of business in Syracuse, Onondaga County, New York, within this district;

Page **3** of 17

b.   regularly collects or attempts to collect, directly or indirectly ( for profit), debts owed or due or asserted to be owed or due another by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

c.  Is otherwise a "debt collector" as that term is defined by 15 USC §1692a(6);

d.  Conducts business in this district.

## FACTUAL ALLEGATIONS

8.    On or about and before 10/24/2018, Melnicoff sued Kirstein  in the Sherrill  City Court.  ("state court action")

9.    The subject of the state court action was money owed for alleged medical services on a *quantum meruit basis.*

10.    Whether or not the debt was really Kirstein's, it is an obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA.

11.     A true copy of the summons and complaint Melnicoff filed in the state
        court action is attached to this as Exhibit 1 (Summons).[1]

### *Legal Backdrop*

12.     The Sherrill City Court derives its authority from Article VI, Section 17
        of the New York State Constitution, of which we ask the Court to take
        notice.

13.     According to the Constitution, city courts outside the city of New York
        have only those powers and jurisdiction the State Legislature gives to
        it.

14.     These powers and jurisdiction are found in the New York State
        Uniform City Court Act (UCCA), of which we ask the Court to take
        notice.

15.     As such, the Sherrill City Court is a court of limited jurisdiction.

16.     Geography is one of those limitations. UCCA §213 states in pertinent
        part:

---

[1] We apparently did not get the signature page form the Clerk, but presume defendant has it in his possession.

(a) In an action described in §202,[2] either a plaintiff or a Defendant *must*:

   1. *be a resident of the city or of a town contiguous to such city, provided that such town is*

      (i) *within the same county*, and
      (ii) <u>*contiguous*</u> *to the city by land*, and
      (iii) not within either Nassau or Westchester counties; or

   2. *have a regular employment within the city; or*

   3. *have a place for the regular transaction of business within the city.*

   (b) A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city...

   (d) *The requirements of this section* shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they *shall be deemed waived by the defendant unless he raises the*

---

[2] UCCA 202 describes an action for the recovery of money.

*objection by motion or in his responsive pleading* as
prescribed in §1002 of this act.   *Notwithstanding waiver by
the parties, the court may, on its own initiative at any time,
dismiss an action which does not satisfy the requirements of
this section.* Any dismissal under this section shall entitle the
parties to the benefit of CPLR Section 205, relating to an
extension of time to commence a new action. [3]

17.    In other words, to properly invoke the jurisdiction of the Sherrill City
Court, one of the parties must live or work within the City of Sherrill, or
live in an Oneida County town that is contiguous by land to the City,
i.e. the Town of Vernon. [4]

18.     Pertinently, a summons may only be served within Oneida County in
UCCA §202 actions like the state court action. *UCCA §403*

*The Summons and Complaint*

19.    Melnicoff, in the summons, states Kirstein was subject to the Court's
jurisdiction per UCCA ¶213 as set forth at paragraph 16 here by stating
"Defendant(s) reside in ONEIDA NY 13421, Oneida County."

---

[3] Emphasis added
[4] See Ex 2, a map of Oneida County

20.     This statement is false.

21.     Factually, plaintiff did not live or work in the City of Sherrill or live in
        Vernon, the only town contiguous by land to it.

22.     Factually, he did not live in Oneida County.

23.     In fact, he lived on Cedar Street in the City of Oneida, which is in
        Madison County. [5]

24.     In fact, he worked in Oneida, Madison County at all relevant times.

25.     As we are informed and believe, the summons and complaint
        contained Melnicoff's signature as counsel for the plaintiff in the state
        court action.

26.     By signing a summons and complaint, Melnicoff certifies that, to the
        best of his knowledge, information and belief, formed after an inquiry
        reasonable under the circumstances, the presentation of the paper or
        the contentions therein are not frivolous as defined in 22 NYCRR §130-
        1.1(c) . A statement is frivolous under the court rules if, inter alia, it

---

[5] See Ex 3, a printout from the Oneida Assessment Rolls, which we ask the Court to take notice of. The
highlights were added

asserts material factual statements that are false. 22 NYCRR §§ 130-1.1(a) and (c).

27.   Contrary to the certification, Melnicoff alleged that Kirstein resided within the jurisdiction of City of Sherrill in the summons to establish the Sherrill City Court's jurisdiction over him, when – being in possession of actual address – he knew or should have known that the statement was false.

28.   The address Melnicoff used in the Summons, 4914 Hill Road, Oneida, is actually in the Town of Verona.[6]

29.   Verona is not contiguous by land to the City of Sherrill, separated by the Town of Vernon. ( *See Ex 2*)

30.   Indeed, all of the facts in possession of Melnicoff at the time of filing indicated that the action could not be properly filed in Sherill City Court.

31.   Thus, Melnicoff knew or had reason to know plaintiff did not live in the City of Sherrill, Town of Vernon or Oneida County but ignored that fact.

---

[6] Ex 4, a printout from the Assessment Rolls of the Town of Verona, which we ask the Court to take notice of. The highlights were added

32.   Alternatively, Melnicoff made no inquiry into whether plaintiff actually lived in the City of Sherrill or a town contiguous to the City.

33.   Indeed, Melnicoff knew or had reason to know and was in the position to know that legally, under CPLR §513(a), the Sherrill City Court Clerk would refuse the summons and complaint for filing if the summons alleged Kirstein's proper residence in Madison County, so it deliberately misstated his address in the summons and avoided this fact in its complaint.

34.   Melnicoff allegedly had Mundorff served at his home in the City of Oneida, Madison County (and not at the address listed on the summons), on or about 10/24/2018. ( Ex 5)

35.   Factually, even after Melnicoff knew Kirstein lived in Madison County, he entered judgment against him in the Sherrill City Court based on the false statements in the complaint.

36.   Melnicoff did not allege that Kirstein signed a contract or other document evidencing a debt to the putative creditor in the City of Sherrill.

37.    In fact, the Summons he authored specifically says the "transaction took place in Onondaga County. "

*The Judgment and the Court 's Action*

38.   Melnicoff caused a  default judgment to be entered against Kirstein on
      6/27/2019 in the amount of $2677.09 in favor of Melnicoff's client.

39.   A true copy of the judgment roll is attached hereto as Exhibit 6.[7]

40.   Kirstein learned about the judgment in July or August 2019 when
      Melnicoff  sent him a copy of the judgment.  The judgment recited his
      Madison County address. ( Ex 6)

41.   On 8/6/2019, Kirstein informed the Sherill City Court Clerk that he had
      been living in Madison County all this time and asked the Court to vacate
      the judgment. Principal among his grounds was that the Sherrill City
      Court lacked jurisdiction pursuant to the Uniform City Court Act §§ 202
      and 213.

42.   On 8/6/2019, City Court *sua sponte* vacated the judgment and "voided"
      the state court action for lack of jurisdiction. A true copy of the Sherrill
      City Court's action is attached to this as Exhibit 7[8].

---

[7] As we are informed and believe, the handwriting on the document is that of the City Court Clerk.
[8] As we are informed and believe, the handwriting on the document is that of the City Court Clerk

## *The Fallout*

43.    Melnicoff could have initially sued Kirstein in the Supreme Court for
       Onondaga or Madison Counties, a court of general jurisdiction, but he
       did not.

44.    Melnicoff could have sued Kirstein in the Oneida City Court, but he did
       not.

45.    Melnicoff could have discontinued the state court action in Sherrill
       once he knew Kirstein lived outside the Court's jurisdiction, but he did
       not.

46.    As plaintiff is informed and believes, Melnicoff has a business practice
       and pattern of suing consumer defendants in city courts when one is
       available without regard to whether or not defendant is under the
       Court's jurisdiction, as Melnicoff expects no opposition or opposition
       by a *pro se* defendant who could not possibly know of UCCA ¶213 and
       would thus waive any defense thereto.

47.    Upon information and belief, then, the above acts were frequent,
       persistent and intentional as, inter alia, Melnicoff used a summons and
       complaint in the same form, format and wording in the cases
       referenced above while serving consumers who do not live within the

geographic jurisdiction of the Sherrill City Court or were served outside the geographic limits of process from the Sherrill City Court, or other City Courts in this District.

## COUNT 1

*(Violation of the Fair Debt Collection Practices Act- venue)*

48.  Plaintiff repeats the allegations of the preceding paragraphs.

49.  Defendant's attempt to collect the alleged debt by falsely stating Kirstein was subject to the Sherrill City Court's jurisdiction when he knew or had reason to know or was in the better position to know Kirstein was not, violates 15 USC §§ 1692e, 1692e(5); 1692e(10), 1692f and 1692f(1).

50.  Defendant's actions to collect the alleged debt by suing Kirstein in a judicial district ( i.e., the Sherrill City Court) where he does not live nor where the Defendant had any basis to believe the alleged services contract sued upon was signed violates 15 USC §§ 1692i, §1692e, 1692e(5), 1692e(10); 1692f and 1692f(1).

51.  Defendants' actions to collect the alleged debt by suing plaintiff in a forum barred by UCCA ¶213 violates 15 USC §§ 1692i, §1692e, 1692e(5), 1692e(10); 1692f and 1692f(1).

52.   Upon information and belief, none of the defendant's conduct violating
      the FDCPA on the foregoing Counts was the result of a *bona fide* error
      but rather was the result of collection practices and procedures (or lack
      thereof) not reasonably adopted to avoid such violations.

53.   Throughout this time the plaintiff Jared P Kirstein felt abused,
      harassed, confused, bothered, bewildered and anxious, troubled with
      the furtive ease with which Melnicoff could obtain a judgment against
      him in a distant court and thus affect his finances, that he could be
      subject to yet another lawsuit over a debt he disputes, feelings which
      have affected him in his daily activities from July 2019 to now.

### JURY DEMAND

Jared P Kirstein demands a trial by jury of all issues

**WHEREFORE,** the plaintiff Jared P Kirstein asks the Court for judgment:

a. declaring the actions of the defendant in violation of the FDCPA;

b. awarding him actual damages;

c. awarding him statutory damages in an amount up to $1000.00 per 15 USC §1692k;

d. awarding him costs and disbursements of this action, and reasonable attorney's fees per 15 USC § 1692k, and

e. such other, further and different relief as the Court finds proper here.

DATED: August 15, 2019

*S/ Anthony J Pietrafesa*

**ANTHONY J. PIETRAFESA, ESQ. (102368)**
*Attorney for the Plaintiff*
Nettleton Commons
313 East Willow Street #202
Syracuse NY 13203
T: 518.218.0851 F: 518.514.1241
ajp@ajp1law.com

VERIFICATION

New York State                }

Onondaga County          } ss:

Jared P Kirstein, being duly sworn, deposes and says: I am the plaintiff in this
action, I have read the complaint, and the factual allegations contained in the
complaint are true to my personal knowledge except for those based on my
information and belief, and as to those I believe them to be true.

*s/ Jared P Kirstein*

_____

Sworn to and Subscribed

Before me on   8/15/2019

*s/ Anthony J. Pietrafesa*

_____

Anthony J. Pietrafesa
Notary Public Onondaga County
02PI6155974
My Commission exp. 02/24/2023